Hughes, J.
The defendant owned and operated a factory or workshop in the city of Toledo, Ohio, with more than five employes engaged. The plaintiff, Walter Kutz, a minor between fifteen and sixteen years of age, was employed by the defendant during the latter part of May, to assist a stamper working on a stamping machine, by carrying to him what is known as yoke ends, or small pieces of steel, and placing them on a board near the machine. He was employed by the defendant *71 to work during the night, from about six o’clock in the evening until five o’clock in the morning.
When the contract of employment was entered into there was no schooling certificate either produced by the plaintiff or procured by the defendant, nor was any reference or inquiry made regarding the same by either party.
It is contended on behalf of the defendant that the father of this boy represented to it that the boy was over sixteen years of age, but there is no claim and no evidence to support a claim that any inquiry was made of the boy or any assertion made by him regarding his age at or before the time he was employed.
On the night of June 28 a ventilating fan was installed by the defendant in an opening in one end of its building. This fan was four and a half feet in diameter, about four feet above the floor, with its steel blades projecting three and a half inches inside the line of the wall. The fan was installed on this day and put in operation before guards were placed about it. It is the claim of the defendant that it was started on this night for the purpose of testing, and that guards were to be placed about it later.
The plaintiff’s hand, as he claims, as he was reaching in a barrel for some of these yoke ends, came in contact with the steel blades of this revolving fan and was so injured that it became necessary to amputate it. Defendant asserts that plaintiff was throwing paper in the fan and thereby was injured.
The trial court directed the jury that it should disregard and give no heed whatsoever to the fact *72 that the plaintiff was a minor; in effect charging that plaintiff came within the workmen’s compensation laws of this state, and, having elected to sue instead of asking for compensation out of the state insurance fund, became subject to all of the laws of this act, and that the defendant was entitled to the defenses of the common law, namely, contributory negligence and assumed risk.
There are numerous errors assigned, all of which have been examined into with care but will not be discussed separately for the reason that the general discussion following sufficiently disposes of them all.
If the plaintiff was an employe within the meaning of the workmen’s compensation act, the theory of the defendant and the trial court is correct.
An employer who has complied with the terms of this act is not liable for personal injuries to an employe in a civil action, but such employe must receive his compensation out of the state insurance fund. The exception to this is ■ found, however, in Section 1465-76, General Code, which reads as follows:
* * * And in case such injury has arisen from the wilful act of such employer or any of such employer’s officers or agents, or from the failure of such employer or any of such employer’s officers or agents to comply with any lawful requirement for the protection of the lives and safety of employes, then in such event, nothing in this act contained shall affect the civil liability of such employer, but such injured employe, * * * may, at his option, either claim compensation under this act or institute proceedings in the courts for his *73 damage on account of such injury; * * * and in all actions authorized by this section, the defendant shall be entitled to plead the defense of contributory negligence and the defense of the fellow-servant rule; * * * ”
Another section of this act, Section 1465-93, General Code, reads as follows:
“A minor working at an age legally permitted under the laws of this state, shall be deemed sui juris for the purposes of this act, and no other person shall have any cause of action or right to compensation for an injury to such minor workman, but in the event of the award of a lump sum of compensation to such minor employe, such sum shall be paid only to the legally appointed guardian of such minor.”
The trial court no doubt assumed that the plaintiff in this case was within the terms of the act and therefore sui juris, and, having elected to sue in' the civil court, the defendant was entitled to plead the defense of contributory negligence and the fellow-servant rule.
The word “employee” as used in this act, is defined to be, in so far as a minor is concerned, “every person in the service of any person, * * * and also including minors who are legally permitted to work for hire under the laws of the state.” Section 1465-61, General Code.
It is here observed that a minor who is legally permitted to work for hire under the laws of this state is an employe within the terms of this act, but not otherwise.
There was no intention of the legislature to abridge the operation of the other statutes of our *74 state. This act was passed for the purpose of creating a state insurance fund for the benefit of injured and the dependents of killed employes, and to provide for the administration of such fund. The purpose of the law is to compel the -industries of the state to bear the burden of accidents occurring in their operation, and the fund is created for this purpose. The right to participate in this fund is given to none other than employes or their dependents.
The act furnishes no excuse to the employer for violating any of the other statutory obligations regarding labor and minors. And under the laws of this state, if the employer does not come within the terms of the workmen’s compensation act, he is amenable to all of the other statutes of the state. He is prohibited by statute from employing minors under sixteen years of age before exácting from the minor the age and schooling certificate provided by law.
Section 12975 reads as follows:
“Whoever employs a minor under sixteen years of age before exacting from such minor the age and schooling certificate provided by law, or fails to keep such certificate on file, or who fails to return to the superintendent of schools or the person authorized by him such certificate within two days from such minor’s withdrawal or dismissal from his services as provided in section seventy-seven hundred and sixty or to permit a truant officer, upon request therefor, to examine such certificate, shall be fined not less than twenty-five dollars nor more than fifty dollars.”
*75 And by virtue of Section 12994, an employer is not only prohibited from employing a minor in any of the occupations described in Section 12993, but is also prohibited from permitting a minor under sixteen years of age to work in connection with any of these vocations unless such employer has first procured from the proper authorities the age and schooling certificate provided by law. These two sections read as follows:
“Sec. 12993. No male child under fifteen years or female child under sixteen years of. age shall be employed, permitted or suffered to work in, about or in connection with any (1) mill, (2) factory, (3) workshop, (4) mercantile or mechanical establishments, (5) tenement-house, manufactory or workshop, (6) store, (7) office, (8) office building, (9) restaurant, (10) boarding-house, (11) bakery, (12) barber shop, (13) hotel, (14) apartment house, (15) bootblack stand or establishment, (16) public stable, (17) garage, (18) laundry, (19) place of amusement, (20) club, (21) or as a driver, (22) or in any brick or lumber yard (23) or in the construction or repair of buildings, (24) or in the distribution, transmission or sale of merchandise, (25) nor any boy under fifteen or female under twenty-one years in the transmission of messages.
“It shall be unlawful for any person, firm or corporation to employ, permit or suffer to work any child under fifteen years of age in any business whatever during any of the hours when the public schools of the district in which the child resides are in session.”
“Sec. 12994. No boy under sixteen years of age and no girl under eighteen years • of age shall be *76 employed or permitted to work on or in connection with the establishments mentioned in section 12993 of the General Code, or in the distribution or transmission of merchandise or messages unless such employer first procures from the proper authority the age and schooling certificate provided by law.”
This certificate the employer is required to file in his office to be kept there subject to inspection upon request:
Section 12995 reads:
“Sec. 12995. The certificate mentioned in the section 12994 shall be filed in the office of such establishment and shall be produced for inspection upon request therefor by the chief or district inspector of workshops and factories or a truant officer and shall be returned forthwith to the superintendent of schools or other persons legally issuing it, by the person in charge or manager of such establishment upon the termination of the employment of such minor. Upon failure on the part of the employer so to return said certificate within two days, the child terminating his employment shall be entitled to recover from such employer in a civil action as damages an amount equal to the wages which he would have earned had he continued in said employment for the period between such termination thereof and the time when such certificate is so returned. If such child at any time fails to appear for work without explanation, the employment shall be deemed within the purposes of this section to have terminated upon the expiration of two days after his so failing to appear.”
And by Section 12996, regulating hours of employment, an employer is prohibited from per *77 mitting or suffering a boy under sixteen years of age to work in or about or in connection with any establishment or occupation named in the above-quoted Section 12993 before the hour of seven o’clock in the morning or after the hour of six o’clock in the evening. This section reads as follows :
“Sec. 12996. No boy under the age of sixteen and no girl under the age of eighteen years shall be employed, permitted or suffered to work in, about or in connection with any establishment or occupation named in section 12993 (1) for more than six days in any one week, (2) nor more than forty-eight hours in any week, (3) nor more than eight hours in any one day, (4) or before the hour of seven o’clock in the morning or after the hour of six o’clock in the evening. The presence of such child in any establishment during working hours shall be prima facie evidence of its employment therein. No boy under the age of eighteen years or girl under the age of twenty-one years shall be employed, permitted or suffered to work in, about or in connection with any establishment or occupation named in section 12993 (1) for more than six days in any one week, (2) nor more than fifty-four hours in any week, (3) nor more than ten hours in any one day, (4) or before the hour of six o’clock in the morning or after the hour of ten o’clock in the - evening. In estimating such periods, the time spent at different employments or under different employers shall be considered as a whole and not separately.”
These last five sections, above quoted, are found under the chapter of “Offenses against Minors,” *78 and it will be observed by consulting 99 Ohio Laws, page 30, that it was the intention of the legislature to pass this act as an act to provide a complete system of certificates by which employers can determine the age of minor laborers; and also to make the minor-labor law conform with our compulsory-education law.
It cannot be argued with much force that in the face of this expressed intention an employer can ever excuse himself for thinking- a minor, under the prohibited age, old enough to enter his employment unless this certificate is produced at the time of employment.
The compulsory education laws provide that no child under sixteen years of age shall be employed or be in the employment of any person during the school term unless, the certificate is furnished.
Section 7765, General Code, as amended 103 Ohio Laws, 899, reads as follows:
“Sec. 7765. No boy under sixteen years of age and no girl under eighteen years of age shall be employed or be in the employment of any person, company or corporation unless such child presents to such person, company or corporation an age and school certificate herein provided for, as a condition of employment. Such employer shall keep the same on file in the establishment where such minor is employed for inspection by the truant officer or officers of the department of workshops and factories;”
Section 7766, General Code, as amended 104 Ohio Laws, 129, reads as follows:
“Sec. 7766. An age and schooling certificate shall be approved only by the superintendent of *79 schools, or by a person authorized by him, or, in case of vacancy in the office of superintendent, by the clerk of the board of education, upon satisfactory proof that such child, if a male, is over fifteen years of age or, if a female, is over sixteen years of age and that such child has been examined and passed a satisfactory sixth-grade test, if a male, a seventh-grade test, if a female, in the studies enumerated in section seventy-seven hundred and sixty-two, provided, that residents of other states who work in Ohio must qualify as aforesaid with the proper school authority in the school district in which the establishment is located, as a condition of employment or service, and that the employment contemplated by the child is not prohibited by any law regulating the employment of such children. Every such age and schooling certificate shall be signed in the presence of the officer issuing the same by the child in whose name it is issued. * * *
“The age and schooling certificate must be formulated by the superintendent of public instruction, and furnished in blank by the clerk of the board of education. It shall show the date of its issue. A record giving all the facts contained on every certificate issued shall be kept on file in the office issuing the same, and also a record of the names and addresses of the children to whom certificates have been refused, together with the names of the schools which such children should attend and the reasons for refusal.
“The superintendent of schools or other persons authorized to issue employment certificates shall transmit between the first and tenth days of each *80 month, to the office of the industrial. commission, upon blanks to be furnished by it, a list of the names of the children to whom certificates have been issued, returned or refused. Such lists shall give the name and address of the prospective employer arid the nature of the occupation the child intends to engage in.
“Any child between fifteen and sixteen years of age, who shall cease to work for any cause whatever, shall report the fact and cause at once to the superintendent of schools; or to a person authorized by him or, in case there is a vacancy in the office of superintendent, to' the clerk of the board of education; said child shall be required to return to school within two weeks, provided other employment is not secured within such time; provided that, should a child in the opinion of the superintendent or person acting in his stead, lose his employment by reason of persistent, wilful misconduct or continuous inconstancy, he may be placed in school until the close of the current school year.
“The superintendent of schools or the person authorized by him to issue age and schooling certificates, shall not issue such certificates until he has received, examined, approved and filed the following papers duly executed.
“ (1) The written pledge or promise of the person, partnership, or corporation to legally employ the child, also the written agreement to return to the superintendent of schools or to the person authorized by him to issue such certificates, the age and schooling certificate of the child within two *81 days from the date of the child’s withdrawal or dismissal from the service of the person, partnership, or corporation, giving the reason for such withdrawal or dismissal.
“(2) The school record of such child, properly filled out and signed by the principal or other person in charge of the school which such child last attended, giving the name, age, address, standing in studies enumerated in section seven thousand seven hundred and sixty-two, and the number of weeks’ attendance in school during the school year previous to applying for such school record, and general conduct.
“(3) As evidence of age (a) a passport or duly attested transcript of a passport, filed with a registrar of passports or other officer charged with the duty of registering passports at the several ports of entry to the United States; or duly attested transcript of the certificate of birth or baptism or other religious record, showing the date and place of birth of such child; or (b) a duly attested transcript of the birth certificate filed according to law with a registrar of vital statistics, or other officer charged with the duty of recording births, shall be conclusive evidence of the age of the child, (c) In case none of the above proofs of age can be pro-, duced, other documentary evidence of age which shall appear to be satisfactory to the officer issuing the certificate, (aside from the school record of such child or the affidavit of parent, guardian or custodian), may be accepted in lieu thereof. In such case a school census or enumeration record, duly attested, may be used as proof of age in the *82 discretion of the officer issuing the certificate, (d) In case no documentary proof of age of any kind can be procured, the officer issuing the cértificate may receive and file an application signed by the parent, guardian or custodian of the child for a physician’s certificate. Such application shall contain the name, alleged age, place and date of birth, and present residence of the child, together with such further facts as may be of assistance in determining the age of such child, and shall contain a statement certifying that the parent, guardian or custodian signing such application is unable to produce any of the documentary proofs of age specified in the preceding subdivisions of this section. If the superintendent or officer authorized by him to issue such certificate, is satisfied that a reasonable effort to procure such documentary proof has been made, the certificate of the school physician, or, if there be none, of a physician employed for the purpose by the board of education, that such physician has made a physical examination of such child and is satisfied that he is more than fifteen years of age, if a male or that she is more than sixteen years of age, if a female shall be accepted as sufficient proof of the age of such child for the purpose of this act:
“(4) A certificate from the school physician or if there should be none, of the board of health, and if there be no board of health, within the school district in question, from a licensed physician appointed by the board of education showing that the child is physically fit to be employed in any of the Occupations permitted by law for a child between *83 ¡fifteen and sixteen years of age. Provided that if the records of the school physician show such child to have been previously sound in health, no further physician’s certificate need be required, but the officer authorized to issue such certificate may at his discretion require such physician’s certificate in any case, as a condition to the issuing of an age and schooling certificate.
“The superintendent or person authorized by him may issue special vacation certificates to boys under sixteen years of age and girls under eighteen years of age, which shall entitle the holders thereof to be employed during vacation in occupations not forbidden by law to such children even though such child may not have completed the sixth grade, but provided he has complied with all the other requirements for obtaining the certificate hereinbefore described.”
It is clear from a reading of these statutes providing for compulsory education and defining offenses against minors that it was the intention of the legislature to consider a minor under the age of sixteen years, who was unlawfully employed, to be a person not within the contemplation of the workmen’s compensation act.
These statutes, quoted above, compelling education and defining offenses against minors, were intended to prevent persons of immature judgment from engaging in hazardous occupations, to prevent employment and overwork of children during the period of their mental and physical development, and to prevent competition between weak and underpaid labor and mature men owing *84 to society the duties of citizenship; and the compensation act in no way limits their operation.
An employer who employs a child under the prohibited age must be prepared to show at all times that he is employed lawfully. And when it appears that the minor is unlawfully employed, he is not an employe within the terms of the. compensation act, and such minor, if injured, has the benefit and protection of the other statutory provisions passed for the benefit of labor. Hillstad v. Industrial Commission, 80 Wash., 426, 141 Pac. Rep., 913.
Section 6245-2, General Code, relating to actions to recover from an employer for personal injuries caused by negligence, provides:
“Sec. 6245-2. That in all such actions where a minor employee has been employed or retained in employment contrary to any statute or law of the state or United States, such employee shall not be deemed or held to have been guilty of contributory negligence; nor to have assumed any of the risks of such employment; but the employer may show by way of defense any fraud or misrepresentation made by such employee.”
This being true, the trial court erred in taking away from the jury for its consideration the fact that plaintiff was a minor under the age of sixteen 'years.
Plaintiff not coming within the terms of the workmen’s compensation act was also entitled to the benefit of Section 1027, subdivision 7, of the General Code. See Variety Iron & Steel Co. v. Poak, 89 Ohio St., 297, and Jones v. American Caramel Co., 225 Pa. St., 644, 74 Atl. Rep., 613.
*85 The judgment of the court of common pleas is reversed.

Judgment reversed.

Kinder and Crow, JJ., concur.
Judges of the Third Appellate District, sitting in place of Judges Chittenden, Kinkade and Richards of the Sixth Appellate District.